UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON McHUGH, et al., | ) | CASE NO. 1:17-cv-1413 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| | ) | |
| TRINITY HEALTH SYSTEM, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

===========================

| | | |
|---|---|---|
| | ) | CASE NO. 1:19-cv-158 |
| UPMC PRESBYTERIAN SHADYSIDE, | ) | |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| FLEET OWNERS INSURANCE FUND, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on motion by plaintiff UPMC Presbyterian Shadyside ("UPMC") for leave to amend the complaint and add an additional plaintiff. (Doc. No. 100 ["Mot."].[1]) No other party in this suit has filed a brief either opposing or supporting UPMC's motion for leave to amend. The matter is now ripe for the Court's review. For the reasons that follow, UPMC's motion for leave to amend is DENIED.

---

[1] UPMC filed its motion for leave to amend in both Case No. 1:17-cv-1413 and Case No. 1:19-cv-158. All document numbers and all page references are to the page identification number generated by the Court's electronic docketing system in Case No. 17-cv-1413.

I.   BACKGROUND

On February 19, 2019, plaintiff UPMC Presbyterian Shadyside filed a motion to consolidate Case No. 1:19-cv-158 ("UPMC Case") with Case No. 1:17-cv-1413 ("McHugh Case"). (Doc. No. 11 ["UPMC Consolidate Mot."].) On May 17, 2019, defendant Fleet Owners Insurance Fund ("Fleet") filed its own motion to consolidate the two cases. (Doc. No. 24.) The Court granted the motions to consolidate, finding that UPMC and Fleet met their burden of demonstrating that consolidation was appropriate because the factual impetus for both actions is the same: Sharon McHugh's incurrence of substantial medical expenses. And, as UPMC correctly identified: "Each case may be resolved by answering the same question—was Fleet obligated to fund payments for the medical care provided to Sharon McHugh at [UPMC]?" (UPMC Consolidate Mot. at 131.)

Now—two years after the first of the consolidated cases was filed—UPMC seeks leave to amend the complaint to add an additional plaintiff and bring a new factual inquiry into this case: did Fleet withhold funds from UPMC Children's Hospital of Pittsburgh ("UPMC Children's") for services rendered to patients at UPMC Children's. (Mot. at 1469–70.)

II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 20(a) allows persons to join in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20 thus provides "for permissive joinder where parties are related to the case by both a common question of law and a common transaction." *Reynolds v. Ferguson*, 73 F. Supp. 2d 841, 843 (W.D. Mich. 1999) (citing *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988)).

If joinder would be proper, the Court may exercise its discretion under Federal Rule of Civil Procedure 15 to allow amendment of the complaint. Under Rule 15(a), a party may amend its pleading with the court's leave and "[t]he court should freely give leave when justice so requires." The decision to grant or deny a motion to amend under Rule 15 is within the Court's discretion and, generally, leave to amend should be granted liberally. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.*

### III. ANALYSIS

UPMC asks this Court to grant its motion for leave to amend the complaint and add new plaintiff UPMC Children's because "the interests of . . . UPMC Children's . . . are based on the same legal claims and similar factual bases of the original [c]omplaint." (Mot. at 1470.) UPMC contends, "[t]he recent refusal to pay medical bills submitted by UPMC Children's . . . is the latest occurrence in a course of action by Fleet to wrongfully deny benefits owed to hospitals in the UPMC health system for medical treatment rendered to Fleet members." (*Id.*) Lastly, UPMC contends, "[d]efendants will not be unduly prejudiced by the addition of UPMC Children's . . . as a plaintiff in this action because this new plaintiff presents the same claims and the same basic underlying facts as UPMC . . . ." (*Id.*)

The Court disagrees. For starters, joinder is improper because UPMC and UPMC Children's do not assert any right to relief jointly, severally, or in the alternative against defendants. Further, the claims of the McHughs and UPMC and the claims of UPMC Children's arise out of completely separate occurrences and facts. As UPMC correctly identified in its earlier motion to consolidate, the two consolidated cases can be resolved "by answering the same question—was

Fleet obligated to fund payments for the medical care provided to Sharon McHugh at [UPMC]?" (UPMC Consolidate Mot. at 131.) UPMC Children's claims encompass a completely different factual impetus: was Fleet obligated to fund payments for the medical care provided to various patients at UPMC Children's? Adding UPMC Children's as a new plaintiff will substantially alter the underlying factual basis on which the consolidated cases have been proceeding for some time.

Further, while the Court acknowledges that UPMC Children's has a similar legal dispute with defendants as the plaintiffs in this case, the Court is not convinced that "justice so requires" the Court to exercise its discretion to add UPMC Children's as a plaintiff to the present case. Although neither defendant filed an opposition to UPMC's motion for leave to amend, the Court finds that the defendants may be prejudiced by the late addition of completely new claims covering a new hospital and new patients because these new claims will change the scope of discovery, which is already underway. Also, adding new plaintiff UPMC Children's may result in added expense and create a more complicated and lengthy trial about issues largely unrelated to the present cases and may confuse the jury. Further, denial of the motion for leave to amend will not prejudice UPMC Children's because it can file a separate lawsuit against defendants.

The Court finds that adding new plaintiff UPMC Children's will alter significantly the factual basis of the consolidated cases and UPMC Children's claims are more appropriately brought in a separate action.

## IV. CONCLUSION

For the aforementioned reasons, UPMC's motion for leave to amend and add plaintiff UPMC Children's is DENIED.

**IT IS SO ORDERED**.

Dated: August 14, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**